UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SAUL FARVELA, | Case No. 2:21-cv-01720-APG-DJA |
| Plaintiff | **ORDER** |
| v. | |
| MATOUSEK, *et al.*, | |
| Defendants | |

This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. On September 21, 2021, Magistrate Judge Albregts ordered plaintiff Saul Farvela to file a fully complete application to proceed *in forma pauperis* or pay the full filing fee of $402 by November 22, 2021. ECF No. 3 at 2. On November 17, 2021, Farvela filed a second incomplete application to proceed *in forma pauperis*. ECF No. 4. That application is missing pages 2 and 3 of the Court's application. The November 22, 2021 deadline has now expired, and Farvela has not filed a <u>fully complete</u> application to proceed *in forma pauperis* or paid the full $402 filing fee.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)

(affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for such reasons, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the first two factors (the public's interest in expeditiously resolving this litigation and my interest in managing the docket) weigh in favor of dismissal. The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (public policy favoring disposition of cases on their merits) is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. Judge Albregts's order expressly stated: "IT IS FURTHER ORDERED that, if Farvela does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before November 22, 2021, this

case will be subject to dismissal <u>without prejudice</u> for Farvela to refile the case with the Court, under a new case number, when Farvela has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the the full $402 filing fee." Thus, Farvela had adequate warning that dismissal would result from his noncompliance with the order.

      I THEREFORE ORDER that this action is dismissed without prejudice based on Saul Farvela failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this court's September 21, 2021 order.

      I FURTHER ORDER that the pending motion, **ECF No. 4, is denied as moot**.

      I FURTHER ORDER the Clerk of Court to close the case and enter judgment accordingly. No other documents may be filed in this now-closed case.

      DATED: December 1, 2021.

                                      _____
                                      ANDREW P. GORDON
                                      UNITED STATES DISTRICT JUDGE